Gholson, J.
An objection is made to the form of the appeal bond, that the penalty is not precisely double the amount of the judgment or decree, and that the condition varies from, that prescribed by the act of March 23, 1852, which was in. force when the appeal was taken.
In an early case, it was said as to such a bond, that,. “ There is no case where a bond fairly and regularly executed, and comprising substantially all the requisites of the statute, has been adjudged void because it departed, in some one or more particulars, from the exact words of the statute authorizing it to be taken. It has been the uniform object of our courts, to support bonds executed under the provisions of law, where, by a reasonable interpretation, such bonds can be-made to meet the intention for which they were required and taken. Where the party has had all the advantages of making the bond, the court can not aid him to avoid its obligations, by adopting strained and rigid maodms of construction.” Gardener v. Woodyear, 1 Ohio, 170, 177.
The decree from which the appeal was taken was for $281.14, and costs to be taxed. In the appeal bond the costs are stated to be $8.78. The penalty of the bond was $580. Assuming the costs to be correctly stated, the penalty of the bond exceeds double the amount of the decree and costs by a few cents. To hold that this error in ascertaining the penalty rendered the bond invalid, would, in view of the principle above stated, be unreasonable. It would be more reasonable to say that such an error in the formal penalty of the bond might be corrected or disregarded, when the recitals in the'bond, in connection with the law, showed the proper penalty ascertainable by a mere calculation of amounts.
The application of the principle before stated to the other ground of objection, that the condition of the bond varies-from that prescribed by the statute, has already been made by a decision of this court, in which it was held, that: “ The condition of an appeal bond for the appeal of a suit in covenant from the common pleas to the district court, in June,. 1852, requiring the appellant to 'fay the full amount of the condemnation in said district court, and costs, in case juclg *405 ment shall be entered therein in favor of the appellee,’ etc., although not literally in conformity to the statute, yet substantially covering the requisite stipulations, which, in any event, could have inured to the benefit of the appellee, is sufficient.” Creighton v. Harden, 10 Ohio St. Rep. 579.
The decree from which the appeal was taken was agamst Lake and some of the sureties on his official bond as clerk. The appeal bond was executed by them and two others, as .sureties. The decree in the district court was against Lake, but in favor of the other defendants. It is claimed that those who succeeded on the appeal are not liable on the appeal bond: That they are not liable as principals, because they succeeded, and are to be regarded as principals, and not as sureties.
It is urged with much force, that the district court rendered a decree against Lake on a ground of liability different from that on which the court of common pleas had made the decree from which the appeal was taken, and upon a ground not made in the pleadings. Such a decree, it is urged, could not have been in the contemplation of the parties, and should not be regarded as within the terms of their contract. But are we at liberty, in this proceeding, to say that the district court ■erred in making its decree, and therefore such a decree could not have been within the contemplation of the parties when they executed the appeal bond. We think we are not, and are bound to assume that the decree of that court was properly made. If the decree itself, or any legal effect by which •it might be followed, was prejudicial to any of the parties, their remedy was by a direct proceeding to reverse or modify. No such step was taken, and we must regard the decree as valid and correct, and have only to decide upon its legal effect on the liability of the parties who had executed the appeal bond.
It is claimed, and we think properly, that we are to give to the defendants in the action the same right they might claim had their bond been in exact conformity with the act of 1852, under which it was taken. We are, thereupon, asked so to construe the words “ party appealing,” found in the *406 third section of that act, as to hold that unless the decree be rendered against all those who prosecute the appeal, there can be no enforcement of the appeal bond. The words “ party appealing,” used in prescribing the condition of the appeal bond, would, in drawing the bond, be supplied by the name or names of the person or persons prosecuting the appeal-If one person out of two or more against whom a judgment or decree has been rendered, appeals the case, the condition-will only require such person to pay all moneys, costs, and damages which may be required of or awarded against him,, not those which may be required of or awarded against the other persons who do not join in the appeal. Ewers v. Rutledge, 4 Ohio St. Rep. 210. But while he may pursue this-course, suppose he prefers to unite with others in the appeal, is he still liable only in the event the judgment of the appellate court is against him, and not where it is against those with whom he has united in the appeal ?
It may be said that the persons appealing need not sign the appeal bond. But this only leads to the question as to-the liability of the sureties when a judgment is rendered in the appellate court against a part only of those-prosecuting the appeal, and for whom they became sureties. If they so-became sureties at the request of all the persons prosecuting the appeal, and are liable on the bond, it would be unjust, if they might not look to all of them for protection against loss. And it may well be considered that to secure this protection, all those prosecuting the appeal were required to become liable on the bond. It would appear, therefore, that in the case supposed, all the persons uniting in the appeal bond would be liable, or none.
There are many cases in which it might happen that the judgment in the district court would not be against all the persons against whom a judgment was rendered in the court of common pleas. Where a judgment was rendered in the common pleas against several, the only doubt as to its correctness might be as to some one of those against whom it was rendered. That defendant, according to the case above eited, might appeal, and neither he nor his-sureties would be *407 liable on the appeal bond, if, in the appellate court, the plaintiff failed to recover a judgment against Mm. Now it is argued with much ingenuity and force, that, as his appeal would take up the whole case, it cam make no difference that he unites in the appeal with the other defendants : that there is, in effect, no difference whether, by his appeal, he asserts that the judgment as to him is erroneous, or, by uniting with the others, that it is erroneous as to all.
The question is certainly not free from difficulty; and so was regarded the question, whether one defendant could appeal a case, with the decision of which his co-defendant was satisfied; a question to be decided, said the court, “ without reference to the inconvenience of either view of it, and upon the naked matter of right and power under the statute.” Emerick v. Armstrong, 1 Ohio, 513, 517. Now, we do not think that this right of a defendant should be extended so as to operate for the benefit of the other parties, as to whom the judgment is correct, further than is necessary to secure such right, or to protect or aid them in getting rid of that judgment. The party against whom the judgment in the common pleas is correct, ought not to vex the plaintiff by a re-trial, without giving security. Such is the clear policy of the law. As he can not do this himself, so he ought not to be allowed to do it by uniting with others; and those who unite with him should be responsible for his default. A defendant has the election to appeal the. case himself, but if he chooses to unite with others in the appeal, he should not complain if he shares their fate. If he requires the assistance of others in taking the appeal and giving the requisite security; if by uniting with them he accomplishes that which might otherwise not have been accomplished, he ought not to ask that it shall have precisely the same effect upon the rights of the plaintiff, as if he had acted alone. This is an advantage which we think a fair construction of the statute does not allow.
There are peculiar circumstances in this case, which make the application of the rule we feel compelled to adopt somewhat harsh. Had the probable effect of the decree of the *408 district court on the liability of the parties who had united in the appeal bond, been observed, we think it likely that, in such a case as the pleadings and former action of the court presented, the district court would not have rendered the decree it did, or have rendered it only on the condition of a release of the surety on the appeal bond. But we, as before said, can not, with propriety, in this proceeding, question the correctness of what the district court did, or distinguish this ■case from any other in which the judgment in the common pleas was against two or more, and after an appeal and bond given by all. The judgment in the district court is against a part only. We think the sureties in the bond given by all, are the sureties of all, and bound for the default of all. It is claimed in the pleadings in this case that the sureties became such, not for Lake, but for the other defendants. No proof of this was offered, nor could it have been properly received. By the terms of the bond they are sureties equally for all, and all, by uniting in the bond, must be regarded as bound for each other.
It is assigned as error, that the court improperly admitted in evidence, and affirmed, by its charge, as competent evidence, a copy of the appeal bond. We think it unnecessary to inquire whether there was error in this action of the court; for, admitting it to have been erroneous, it can not be regarded as material; there having been no issue in the case requiring any such proof to be made.
The loss of the original appeal bond is stated in an amended petition, to which no answer was filed. That petition set out the substantial parts of the appeal bond, and a copy was attached, not as part of the petition, but as evidence of indebtedness under section 117 of the code. The answers to the original petition are to be regarded, as refiled, as answers to the amended petition; the case must have been tried with this understanding. The original petition was improperly framed. The substance of the appeal bond was not set out in the petition, but a copy was annexed, and referred to as if incorporated in the petition; and this, the instrument *409 not being for the unconditional payment of money only, section 122 of the code did not permit.
In their answers to the original petition, the defendants .say, that they can not state whether the copy annexed to the petition is a true copy, and call for proof. As an answer tc the amended petition this would very clearly avail nothing; but, waiving the effect of amending the petition, we think that such a statement in an answer can not be regarded as the -denial of a material allegation in a petition. The code requires a denial, and a call for proof can not be regarded, in form or substance, as the denial contemplated by the code. In cases in which a copy is annexed to the petition as part thereof, the correctness of the copy can not be regarded as the material allegation in the petition; but the petition is to be regarded as alleging the substantial legal effect of the instrument which is shown by the copy. An answer must meet the allegations as if such was the form of the petition.
If, in this case, any substantial part of the appeal bond, the execution of which was admitted, was misdescribed to the prejudice of the defendants, the means of pointing it out and correcting it were readily accessible. We see nothing either in form or justice which prejudiced the defendants by the admission in evidence of that which purported to be a copy of the appeal bond. In either view, from anything that •appears in the pleadings, or in the facts, it was wholly unnecessary. It did not, therefore, prejudice the defendants, ■and can not be relied on as a ground for the reversal of the judgment.

Judgment affirmed.

Scott, C.J., and Sutliff and Peck, JJ., concurred.
Brinkerhoff, J., having formerly been of counsel, did not sit in this case.